1   ARLEO LAW FIRM, PLC
    ELIZABETH J. ARLEO (CASB No. 201730)
2   1672 Main Street, Suite E, PMB 133
    Ramona, CA 92065
3   Telephone: 760/789-8000
    760/789-8081 (fax)
4   Email: elizabeth@arleolaw.com

5   Attorney for Plaintiff

FILED

09 SEP 24  PM 12: 59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10                                       '09 CV 2089 IEG NLS

| | |
|---|---|
| CHARLES PARKER CADDELL, II | CASE NO. |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ* AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CA. CIV. CODE 1788 *ET SEQ.* |
| vs. | |
| NCO FINANCIAL SYSTEMS INC. | |
| Defendant. | JURY TRIAL DEMANDED |

-1-
COMPLAINT

1    Plaintiff, Charles Parker Caddell, II ("Plaintiff"), alleges as follows against defendant NCO

2  Financial Systems Inc. ("Defendant") on information and belief, unless otherwise indicated, formed

3  after an inquiry reasonable under the circumstances as follows:

4                              **GENERAL ALLEGATIONS**

5    1.    This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection

6  Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA") and the Federal Fair Debt

7  Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

8    2.    The United States Congress has found abundant evidence of the use of abusive,

9  deceptive, and unfair debt collection practices by many debt collectors, and has determined that

10  abusive debt collection practices contribute to the number of personal bankruptcies, to marital

11  instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to

12  eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who

13  refrain from using abusive debt collection practices are not competitively disadvantaged, and to

14  promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C.

15  §1692(a) – (e)).

16    3.    The California legislature has determined that the banking and credit system and

17  grantors of credit to consumers are dependent upon the collection of just and owing debts and that

18  unfair or deceptive collection practices undermine the public confidence that is essential to the

19  continued functioning of the banking and credit system and sound extensions of credit to consumers.

20  The Legislature has further determined that there is a need to ensure that debt collectors exercise this

21  responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors

22  must be prohibited from engaging in unfair and deceptive acts or practices.

23    4.    Plaintiff brings this action to challenge the misconduct of Defendant with regard to

24  Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect on a

25  private student loan debt allegedly due Chase Bank by Plaintiff which caused Plaintiff actual and

26  statutory damages.

27

28

5.    The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.  Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

7.    Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

8.    Personal jurisdiction is established because Defendant resides in and does business in the State of California.

**PARTIES**

9.    Plaintiff, Charles Parker Caddell, II, is an individual who resides in San Diego County.

10.    Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

11.    Defendant NCO Financial Systems Inc. is a public corporation engaged in the business of collecting debts nationally, locally and within the State of California with its principal place of business located at 507 Prudential Road, the Township of Horsham, the Commonwealth of Pennsylvania, with a zip code of 19044.  Defendant has offices located in the State of California.

12.    At all times material and relevant hereto, Defendant is a person which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

1     13.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

2     14.    Defendant is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code

3 §1788.2(c).

4              **FACTUAL ALLEGATIONS**

5     15.    At all times relevant, Plaintiff was an individual residing within the State of

6 California in the County of San Diego.

7     16.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant

8 Defendant conducted business in the State of California.

9     17.    This case involves money, property or other equivalent, due or owing or alleged to be

10 due or owing from a natural person by reason of a consumer credit transaction.  As such, this action

11 arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code

12 §1788.2(f).

13     18.    Sometime prior to August 1, 2008, Plaintiff allegedly incurred a financial obligation

14 to Chase Bank for a private student loan.

15     19.    Private student loans are provided by private lenders such as Chase Bank and are not

16 subject to the same laws and regulations governing federal student loans provided through the

17 student aid system.

18     20.    Private education loans are loans provided by private educational lenders, defined as

19 financial institutions or federal credit unions that solicit, make, or extend private education loans and

20 any other person engaged in the business of soliciting, making, or extending private education loans.

21     21.    The loans must not be made, insured, or guaranteed under the federal aid programs

22 and must be issued expressly for postsecondary educational expenses to a borrower – regardless of

23 whether the loan is provided through the educational institution or directly to the borrower – and

24 must not include an extension of credit under an open-end consumer credit plan, a reverse mortgage

25 transaction, a residential mortgage transaction, or any other loan that is secured by real property or a

26 dwelling.  Private loans may go into default as soon as one payment is missed.

27     22.    The alleged debt was for money, property, or their equivalent, which is due or owing,

28 or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)"

1   as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is

2   defined by California Civil Code §1788.2(f).

3       23.     This financial obligations was primarily for personal, family or household purposes

4   and are therefore "debts" as defined by the FDCPA, 15 U.S.C. §1692a(5).

5       24.     Sometime in 2009, the alleged debt was purchased by, assigned, or otherwise

6   transferred to Defendant for collection.

7       25.     Plaintiff's private loan was in default at the time Defendant purchased, was assigned

8   or otherwise received transfer of the loan for collection.

9       26.     As described in detail below, during a 19-day time period beginning on July 10, 2009

10  and ending on or about July 29, 2009, Defendant persisted in a course of action in making over *80*

11  *documented telephone calls* to Plaintiff's cellular telephone to ring in an attempt to coerce payment

12  of the alleged debt, with the intent to annoy, abuse and harass Plaintiff.  Most of these telephone

13  calls were made by Defendant after Plaintiff disputed the alleged debt was currently due and owing.

14      27.     On at least *35 occasions* during this 19-day period, Defendant caused Plaintiff's

15  cellular telephone to ring *before* 8:00 a.m.   On *13 of these occasions*, Defendant called Plaintiff

16  between 5:00 a.m. and 6:00 a.m.

17      28.     On July 10, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *five*

18  times including but not limited to telephone calls made by Defendant at 5:47 a.m., 6:17 a.m., 7:23

19  a.m., 8:29 a.m. and 11:45 a.m.

20      29.     On July 13, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *eight*

21  times including but not limited to telephone calls made by Defendant at 5:36 a.m., 6:17 a.m., 7:26

22  a.m., 8:33 a.m., 9:15 a.m., 11:15 a.m., 1:16 p.m. and 5:17 p.m.

23      30.     On July 14, 2009, Defendant caused Plaintiff's cellular telephone to ring at least

24  *seven* times including but not limited to telephone calls made by Defendant at 5:41 a.m., 6:25 a.m.,

25  7:15 a.m., 8:23 a.m., 9:15 a.m., 11:35 a.m., 1:15 p.m. and 3:03 p.m.

26      31.     On at least two occasions on July 14, 2009, Plaintiff informed Defendant that he

27  disputed the alleged debt was due and owing and that Defendant was causing Plaintiff's telephone to

28  ring well before 8:00 a.m.

32.     On or about July 14, 2009, Defendant sent a dunning letter addressed to Plaintiff's home in San Diego, California and in the name of Plaintiff seeking to collect a debt allegedly owed to "CREDITOR: National Collegiate Trust" and requesting that payment be made to American Education Services (hereinafter "AES"). Plaintiff received it shortly thereafter. A copy of that letter is attached hereto as Exhibit 1.

33.     On July 15, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *eight* times including but not limited to telephone calls made by Defendant at 5:38 a.m., 6:25 a.m., 7:15 a.m., 8:30 a.m., 9:15 a.m., 12:17 p.m., 1:30 p.m. and 2:37 p.m.

34.     On July 16, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *eight* times including but not limited to telephone calls made by Defendant at 5:48 a.m., 6:15 a.m., 7:45 a.m., 8:25 a.m., 9:15 a.m., 12:11 p.m., 1:15 p.m. and 2:26 p.m.

35.     On July 17, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *seven* times including but not limited to telephone calls made by Defendant at 5:42 a.m., 6:25 a.m., 7:43 a.m., 8:16 a.m., 9:22 a.m., 12:06 p.m., and 1:35 p.m.

36.     On July 18, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *four* times including but not limited to telephone calls made by Defendant at 6:37 a.m., 8:48 a.m., 11:17 a.m., and 1:20 p.m.

37.     On July 19, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *four* times including but not limited to telephone calls made by Defendant at 5:38 a.m., 8:35 a.m., 11:28 a.m., and 1:15 p.m.

38.     On July 20, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *seven* times including but not limited to telephone calls made by Defendant at 5:44 a.m., 6:37 a.m., 7:15 a.m., 8:25 a.m., 9:50 a.m., 12:02 p.m., and 1:28 p.m.

39.     On July 20, 2009, Plaintiff twice contacted AES to dispute the alleged debt and inform AES that NCO was harassing Plaintiff in an effort to collect a debt which was not due and owing. Plaintiff also informed AES that NCO was contacting him before 8:00 a.m.

40. On July 21, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *eight* times including but not limited to telephone calls made by Defendant at 5:36 a.m., 6:40 a.m., 7:25 a.m., 8:36 a.m., 9:11 a.m., 11:58 a.m., 12:36 p.m. and 1:32 p.m.

41. On July 22, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *eight* times including but not limited to telephone calls made by Defendant at 5:40 a.m., 6:38 a.m., 7:20 a.m., 8:15 a.m., 9:02 a.m., 12:06 p.m., 12:44 p.m. and 1:30 p.m.

42. On July 23, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *eight* times including but not limited to telephone calls made by Defendant at 5:48 a.m., 6:35 a.m., 7:16 a.m., 8:04 a.m., 9:04 a.m., 12:02 p.m., 12:58 p.m. and 2:34 p.m. whereupon Plaintiff spoke to Defendant's representative who identified herself as "Casandra Lyman." Plaintiff informed "Ms. Lyman" that NCO was calling him before 8:00 a.m., and that the debt was disputed.

43. On July 23, 2009, Plaintiff sent via certified mail return receipt, a letter to multiple locations of Defendant and Defendant's outside counsel again disputing the alleged debt, requesting validation and that Defendant cease contacting Plaintiff except in writing. Plaintiff also requested that Defendant cease contacting Plaintiff's family members about the alleged debt. The letters were received by Defendant and its outside counsel on July 27, 2009 and July 28, 2008.

44. On July 25, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *three* times including but not limited to telephone calls made by Defendant at 5:43 a.m., 7:41 a.m., and 8:40 a.m. whereupon Plaintiff spoke to Defendant's representative who identified herself as "Sharonda."

45. During the July 25, 2009 conversation Plaintiff had with Defendant's representative known as "Sharonda," she refused to provide her last name to Plaintiff, and she was rude and belligerent toward Plaintiff who again disputed the debt was due and owing and requested that Defendant stop calling him.

46. On July 27, 2009, Plaintiff spoke with a representative from AES to dispute the alleged debt and inform it that Defendant was harassing Plaintiff in an effort to collect a debt which was not due and owing.

47.     On July 28, 2009, Defendant caused Plaintiff's cellular telephone to ring at least *twice* including but not limited to telephone calls made by Defendant at or about 5:36 a.m. and 8:22 a.m.

48.     At no time after Plaintiff's July 23, 2009 request, did Defendant send verification of the alleged debt to Plaintiff.

49.     Defendant's letter to Plaintiff dated July 14, 2009, was a "communication" as that term is defined by 15 U.S.C. §1692a(2) and as used in the CA FDCPA.

50.     Defendant's telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. §1692a(2) and as used in the CA FDCPA.

51.     After receiving Defendant's letter and telephone calls, Plaintiff became irritable, anxious, fearful and worried that Defendant would continue to harass him by calling before 8:00 a.m.  After each telephone call by Defendant, Plaintiff's anxiety was heightened.  He felt anger toward Defendant for repeatedly ignoring his requests to stop calling.

52.     Plaintiff's distress was exacerbated because his father, who lives on the east coast, suffers from heart ailments.  Each time the phone rang in the early morning hours, Plaintiff became deeply concerned for about his father's health.

53.     As a result of Defendant's telephone calls, Plaintiff became physically ill whereby during the relevant time period and thereafter including now, Plaintiff feels nauseous, sick, tense, suffers from elevated blood pressure, headaches, weight loss, skin ailments, muscle spasms, angina, panic attacks, nightmares, and often sleeplessness.  Plaintiff suffers from other physical symptoms including Plaintiff's ability to attend school and find employment has been substantially hindered by the emotional toll caused by Defendant's harassment.

## FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

### (Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*)

54.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.     The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

-8-
COMPLAINT

1       (a)     Defendant violated 15 U.S.C. §1692c(c) for failing to cease

2 communications after Plaintiff notified Defendant that he wished Defendant to cease

3 communications;

4       (b)     Defendant violated 15 U.S.C. §1692d by causing Plaintiff's telephone to

5 ring and engaging Plaintiff in telephone conversations repeatedly or continuously with intent to

6 annoy, abuse, or harass him;

7       (c)     Defendant violated 15 U.S.C. §1692e and §1692e(2)(A) by giving the false

8 impression of the character, amount or legal status of the alleged debt;

9       (d)     Defendant violated 15 U.S.C. §1692e and §1692e(10) by using false,

10 deceptive, or misleading representations or means in connection with the collection of a debt or to

11 obtain information regarding a consumer, including the misrepresentation that the "CREDITOR:

12 National Collegiate Trust";

13       (e)     Defendant violated 15 U.S.C. §1692e and §1692e(11) by neglecting to

14 advise Plaintiff in all communications (including telephonic communications) that the Defendant

15 was a debt collector and that any information obtained will be used for that purpose;

16       (f)     Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable

17 means to collect or attempt to collect a debt;

18       (g)     Defendant violated 15 U.S.C. §1692f(1) by seeking to collect an amount

19 (including any interest, fee, charge, or expense incidental to the principal obligation) unless such

20 amount is expressly authorized by the agreement creating the debt or permitted by law;

21       (h)     Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiff on his cell

22 phone and compelling him to incur charges and lose his purchased air time; and

23       (i)     Defendant violated 15 U.S.C. §1692g(b) by failing to cease collection

24 activities after the Plaintiff made a timely validation request.

25     56.     As a result of the above-described violations of the FDCPA, Plaintiff has suffered

26 emotional distress and out-of-pocket expenses and is therefore entitled to recover actual damages

27 from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is also entitled to additional statutory

28

1 damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to

2 15 U.S.C. §1692k(a)(3).

3 **SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

4 **(Violations of the California Fair Debt Collection Practices Act**
**Cal. Civil Code §1788, *et seq.*)**

5

6 57.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

7 though fully stated herein.

8 58.    The foregoing acts and/or omissions of Defendants constitute numerous and multiple

9 violations of the CA FDCPA, including but not limited to the following actions taken against

10 Plaintiff:

11 (a)    Defendant violated California Civil Code §1788.13(e) by the false

12 representation that the consumer debt may be increased by the addition of attorney's fees,

13 investigation fees, service fees, finance charges, or other charges when, in fact, such fees or

14 charges may not legally be added to the existing obligation;

15 (b)    Defendant violated California Civil Code §1788.17 by failing to comply

16 with the FDCPA as alleged above.

17 59.    Defendant's violations of the CA FDCPA were willful and knowing.  Defendant is

18 therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and

19 costs pursuant to Cal. Civil Code §1788.30.

20 60.    As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered

21 out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant

22 to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal.

23 Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code

24 §1788.30(c) from Defendant.

25 **PRAYER FOR RELIEF**

26 WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and

27 against Defendant for:

28 First Cause of Action

1       A.  An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

2       B.  The maximum amount of statutory damages provided under 15 U.S.C.

3          §1692k(a)(2)(A);

4       C.  An award of costs of litigation and reasonable attorneys' fees pursuant to 15

5          U.S.C. §1692k(a)(3) against Defendant; and

6       D.  Such other or further relief as the Court deems just and proper.

7    Second Cause of Action

8       E.  An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

9       F.  The maximum amount of statutory damages provided under Cal. Civil Code

10         §1788.30(b);

11      G.  For an award of costs of litigation and reasonable attorneys' fees pursuant to

12         Cal. Civil Code §1788.30(c); and

13      H.  Such other or further relief as the Court deems just and proper.

14                **TRIAL BY JURY**

15   Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is

16   entitled to and demands, a trial by jury.

17   DATED: September 2̸4̸, 2009       Respectfully submitted,

18                        ARLEO LAW FIRM, PLC
                              ELIZABETH J. ARLEO

19

20

21                          ELIZABETH J. ARLEO

22                        1672 Main Street, Suite E, PMB 133

23                        Ramona, CA 92065
                          Telephone: 760/789-8000

24                        760/789-8081 (fax)

25                        Attorney for Plaintiff

26

27   D:\Cases\Caddell v. NCO\Pleadings\Complaint.doc

28

**EXHIBIT 1**

PO Box 12100
DEPT 64
Trenton, NJ 08650

**NCO FINANCIAL SYSTEMS INC**

||||||||||||||||||||||||||||||||||||||||||||||||||||

4740 Baxter Road
Virginia Beach, VA 23462

OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY THRU SUNDAY
Jul 14, 2009



482-134

208108
CHARLES CADDELL
4467 CAMPUS AVE
APT 7
SAN DIEGO CA  92116-3949

||||||||||||||||||||||||||||||||||||||||||||||

CREDITOR: National Collegiate Trust
ACCOUNT #: 36130941930001
PAST DUE AMOUNT: $137.04

The above named creditor has placed this account with our office for collection.  It is important that you forward payment in the amount of $137.04 in order to bring your account current.

Send payment of $137.04 directly to your loan servicer at the address listed below.  If you need to speak to a representative, contact us at 1-888-871-8572.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded for quality assurance.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.    **PLEASE SEE IMPORTANT INFORMATION ON REVERSE SIDE**
PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

---

*Cascada Lyman*
*888-871-9372  2:37 PM*

Check here if your address or phone number has
changed and provide the new information below.

| Account # | Past Due Amount |
| --- | --- |
| 36130941930001 | $ 137.04 |

CHARLES CADDELL
Payment Amount

$

Make Payment To:

||||||||||||||||||||||||||||||||||

American Education Services
Harrisburg, PA 17130-0001

NCO  23

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



134

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Charles Parker Caddell, II | NCO Financial Systems Inc. |

**(b)** County of Residence of First Listed Plaintiff    San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Montgomery Cty, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
09 SEP 24 PM 12: 58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Arleo Law Firm, PLC, 1672 Main St., Suite E, PMB 133
Ramona, CA 92065 Tele: 760-789-8000

Attorneys (If Known)

'09 CV 2089 IEG NLS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1692 et seq. Fair Debt Collection Practices Act
Brief description of cause:
Unfair Debt Collection Practices

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
08/20/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 15604   AMOUNT 350.   APPLYING IFP   JUDGE   MAG. JUDGE

JM 9/24/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005604
Cashier ID: sramirez
Transaction Date: 09/24/2009
Payer Name: ARLEO LAW FIRM
--------------------------------
CIVIL FILING FEE
 For: CADDELL V. NCO FNCL SYSTEMS
 Case/Party: D-CAS-3-09-CV-002089-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 2270
 Amt Tendered:  $350.00
--------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00



There will be a fee of $45.00
charged for any returned check.
```